UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| WHITE PROMPT, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 20-4030-EFM |
| | ) |
| DAVID A. KRAFT & ASSOCIATES, LLC, | ) |
| DAVID A. KRAFT, and C2C RESOURCES, LLC, | ) |
| | ) |
| Defendants. | ) |

## ORDER

In this legal malpractice suit, plaintiff White Prompt, Inc. ("White Prompt") alleges defendant David A. Kraft & Associates, LLC ("DAK") was negligent in its representation of White Prompt in a Kansas collections matter captioned *White Prompt, Inc. v. Cambridge Technology*. DAK has filed a motion for leave to file a third-party complaint against other attorneys who also represented White Prompt in that action, asserting they bear some of the fault for White Prompt's claims and that "their negligence must be compared to the alleged fault of DAK" (ECF No. 44). White Prompt opposes the motion, arguing the proposed third-party complaint is improper under Fed. R. Civ. P. 14 because it does not allege the proposed third-party defendants are derivatively liable to DAK. Because the court agrees DAK has not—and cannot under Kansas comparative-fault law—assert a derivative claim against the proposed third-party defendants, the motion is denied.

As an initial matter, the court notes that all but one of the proposed additional defendants represent White Prompt in the present case.[1]  DAK argues White Prompt's response in opposition to the instant motion "should be disregarded by the Court," because White Prompt's attorneys have a conflict of interest with their client: the attorneys "have an obvious 'personal interest' in avoiding being named as defendants who might have liability to their own client in this case."[2]  The court need not decide the conflict issue, at least at this stage of the case, because the court's independent analysis leads to the conclusion that the motion should be denied (without reliance on the response in opposition).

Fed. R. Civ. P. 14 governs the filing of third-party complaints.  Under Rule 14(a)(1), a defendant may file a third-party complaint against a nonparty "who is or may be liable to it for all or part of the claim against it."  When, as here, the defendant seeks to implead the third-party more than 14 days after serving its original answer, it must obtain leave of court.[3]  Whether to grant leave to file the third-party complaint is within the trial court's sound discretion, but because Rule 14(a) is intended to "reduce the multiplicity of litigation," courts construe it liberally.[4]

---

[1] DAK's proposed third-party complaint would add as defendants current counsel-of-record Thomas H. Kramer, Sean T. O'Kelly, O'Kelly & Ernst, LLC, J. Eric Weslander, and Stevens & Brand, LLP.  The last proposed defendant, Wesley F. Smith, is not of-record in this case, but practices with the Stevens & Brand, LLP, law firm.

[2] ECF No. 56 at 2-3 (citing Rule 1.7 of the Kan. Rules of Prof. Conduct).

[3] Fed. R. Civ. P. 14(a)(1).

[4] *Cessna Fin. Corp. v. Tri-Cty. Builders Corp.,* No. 14-1124-JTM, 2014 WL 7148840, at *1 (D. Kan. Dec. 15, 2014) (quoting *Lansing Trade Grp., LLC v.*

"Although 'Rule 14(a) should be liberally construed . . . it is not a catchall."[5] Rule 14 restricts the filing of third-party complaints to situations involving secondary or derivative liability on the part of the proposed third-party defendant to the defendant.[6] "Liability is secondary or derivative where [the] plaintiff's success on its claims against defendant establishes defendant's right to relief against the proposed third-party defendant."[7] "In other words, 'third-party claims asserted under Rule 14(a) must involve liability of the [defendant] to the original plaintiff that may be passed on to the third-party defendant.'"[8] "A third-party claim cannot simply be a related claim or one arising out of the same general background."[9] As the moving defendant here, the burden is on DAK to establish impleader of the proposed third-party defendants is proper.[10]

DAK has not satisfied its burden. DAK seeks to implead the proposed defendants on the basis that they are jointly liable for the harm alleged by White Prompt. But, as explained below, under Kansas law, DAK will bear no responsibility for the alleged

---

*OceanConnect, LLC*, No. 12–2090–JTM, 2013 U.S. Dist. LEXIS 3170, at *3–4, 2013 WL 120158 (D. Kan. Jan. 9, 2013)).

[5] *Davis v. Mlake 11, LLC,* No. 16-02249-DDC, 2016 WL 6967455, at *2 (D. Kan. Nov. 28, 2016) (quoting *U.S. Fid. & Guar. Co. v. Perkins*, 388 F.2d 771, 773 (10th Cir. 1968)).

[6] *Cessna Fin. Corp.*, 2014 WL 7148840, at *1.

[7] *Id.* (citing *Lansing Trade Grp*., 2013 U.S. Dist. LEXIS 3170, at *7)).

[8] *Davis*, 2016 WL 6967455, at *2 (quoting *Triple-I Corp., Inc. v. Hudson Assocs. Consulting, Inc.,* No. 06-2195-KHV, 2006 WL 3004026, at *1 (D. Kan. Oct. 20, 2006)).

[9] *Cessna Fin. Corp.,* 2014 WL 7148840, at *1.

[10] *Davis,* 2016 WL 6967455, at *2

negligence of White Prompt's other attorneys. Thus, the derivative liability required by Rule 14(a) is missing.

DAK's proposed third-party complaint asserts no claim that the proposed third-party defendants owed a duty or obligation *to DAK* arising out of any liability DAK owes White Prompt. DAK does not assert, for example, that if it is found liable to White Prompt, then it is entitled to indemnity and/or contribution from the proposed third-party defendants for their alleged negligence that contributed to White Prompt's economic losses. Rather, the proposed third-party complaint asserts only claims that the proposed third-party defendants negligently breached duties owed to *White Prompt*, not to DAK.[11] As noted above, "Rule 14(a) makes clear that impleader actions do not lie for an alleged breach of a duty owed by the third-party defendant to the plaintiff."[12] Rule 14 simply is "not applicable to a situation involving the joinder of joint tortfeasors."[13]

The Kansas comparative-fault statute, K.S.A. § 60-258a, does not change this result. That statute protects the substantive right of defendants not to be liable for more than their proportionate share of fault by eliminating "contribution and indemnity among joint tortfeasors in comparative negligence cases."[14] In other words, § 60-258a replaced the

---

[11] ECF No. 44-1 at ¶¶ 38, 47.

[12] *Nolde v. Hamm Asphalt, Inc.*, 202 F. Supp. 2d 1257, 1267 n.8 (D. Kan. 2002); *see also Lewis v. Cimarron Valley R.R.*, 162 F. Supp. 2d 1220, 1227 (D. Kan. 2001) (noting that "after a 1946 amendment to Rule 14, it is no longer possible to bring a party into a lawsuit simply because he or she is or may be liable to the plaintiff").

[13] *Baird v. Phillips Petroleum Co.,* 535 F. Supp. 1371, 1378 (D. Kan. 1982).

[14] *Hefley v. Textron, Inc.*, 713 F.2d 1487, 1497 (10th Cir. 1983).

"joint and several liability" principles on which DAK relies with "comparative fault principles."[15] It's true, as DAK notes, that § 60-258a(c) states, "On motion of any party against whom a claim is asserted for negligence resulting in . . . economic loss, any other person whose casual negligence is claimed to have contributed to the economic loss, must be joined as an additional party." But the Tenth Circuit, as well as our court, has recognized that subsection (c) "is procedural, is not outcome determinative, and is not binding upon the federal courts."[16] Because, in practice, "a given defendant in a case governed by K.S.A. § 60-258a can be held liable . . . only for that percentage of injury attributable to his fault,"[17] the defendant's substantive right is protected and "impleader is improper."[18] "If a plaintiff voluntarily chooses not to sue [a potential co-defendant], he simply loses his right to recover against that person the percentage of the total award which corresponds to the percentage of negligence attributable to the party not sued."[19] This court then uses the

---

[15] *Luther v. Danner,* 995 P.2d 865, 871 (Kan. 2000).

[16] *Hefley*, 713 F.2d at 1497. *See also Stueve v. Am. Honda Motors Co.,* 457 F. Supp. 740, 750 (D. Kan. 1978) ("While K.S.A. s 60-258a(c) does provide a joinder mechanism whereby a defendant may bring in a co-defendant regardless of the possibility of liability Inter sese, federal courts of this district have viewed this provision as merely a procedural device inapplicable in federal courts. Joinder in such a situation is not authorized by the Federal Rules of Civil Procedure."); *Nagunst v. W. Union Tel. Co.,* 76 F.R.D. 631, 636 (D. Kan. 1977) ("Insofar as subsection (c) is procedural in nature, it is not binding upon this court.").

[17] *Stueve,* 457 F. Supp. at 748–49.

[18] *Hefley*, 713 F.2d at 1498.

[19] *Stueve*, 457 F. Supp. at 749 (denying motion to join prospective co-defendant).

concept of "phantom parties" to determine comparative fault among joint tortfeasors.[20] A defendant does not lose his right to have his liability to the plaintiff limited to his comparative fault when the federal procedural rules prevent him from bringing joint tortfeasors into the case.[21] Thus, under no circumstances will DAK be held liable to White Prompt for any damages caused by the alleged negligence of the proposed third-parties, and DAK therefore has no derivative claim to assert against them in a third-party complaint.[22]

---

[20] *See Stadtherr v. Elite Logistics, Inc.*, No. 00-2471, 2002 WL 975900, at *2 (D. Kan. March 26, 2002); *Green Const. Co. v. Kan. Power & Light Co.,* No. 87-2070, 1989 WL 48850, at *2 (D. Kan. Apr. 13, 1989). *See also Baird,* 535 F. Supp. at 1378 ("K.S.A. 60-258a gives a defendant in a tort action a substantive right to have all negligence compared in a single action, but joinder has never been held to be a prerequisite for this comparison.").

[21] *See Hefley,* 713 F.2d at 1498 (finding Rule 14 impleader improper where, under § 60-258a, the defendant would only be liable for its share of proportionate fault); *Stadtherr,* 2002 WL 975900, at *2 ("Formal joinder is not a prerequisite to a determination of comparative fault."); *Baird*, 535 F. Supp. at 1378 ("Under § 60-258a, the negligence of all tortfeasors may be compared even if all tortfeasors are not made parties to the lawsuit.").

[22] *See Hefley,* 713 F.2d at 1498 ("[Defendant] does not, and indeed can not, assert that [the third-party defendants] may be liable to it if the plaintiffs in the underlying suit are successful. Thus, the attempt to use rule 14(a) impleader requires that we force a conceptual square peg into a procedural round hole. We are unable to do so."); *Atlantic Specialty Ins. Co. v. Midwest Crane Repair, LLC*, No. 20-cv-4013-JAR, 2020 WL 5513594, at *6 (D. Kan. Sept. 14, 2020) ("Under Kansas law, the doctrine of contribution was abolished when comparative fault was adopted, therefore no cause of action for contribution arises under Kansas law."); *Kan. Power & Light Co. v. Burlington N. R. Co*., No. 91-4030, 1991 WL 127459, at *2 (D. Kan. June 28, 1991) ("Kansas has eliminated contribution and indemnity among tort-feasors in comparative negligence actions; thus, in this case as in *Hefley*, no person can be liable to [defendant] for all or part of [plaintiff's] claim against it [and] impleader is improper.").

Although impleader is not appropriate in the present case, the court notes DAK will not be prejudiced by this finding. The court will permit DAK, under Kansas law, "to compare its fault to any other individual or entity who could be at fault for plaintiff's alleged damages arising from the tort claims."[23]

IT IS THEREFORE ORDERED that DAK's motion for leave to file a third-party complaint is denied.

Dated October 29, 2020, at Kansas City, Kansas.

          s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge

---

[23] *Wheeler v. Numark Indus. Co.,* No. 02-2444-CM, 2006 WL 763664, at *6 (D. Kan. Mar. 24, 2006).